IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-149-D

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., | ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the court on Plaintiff Ohio Casualty Insurance Company's ("Ohio Casualty") motion for a protective order and to quash subpoenas. [DE-32]. Defendant Firemen's Insurance Company of Washington, D.C., ("Firemen's"), has responded. [DE-47]. A hearing was held regarding various outstanding motions, including the current one, on January 23, 2008. After considering the oral arguments as well as the briefs, the court grants Ohio Casualty's motion for protective order and to quash but allows the depositions to be rescheduled.

### STATEMENT OF THE CASE

Both Ohio Casualty and Firemen's are insurance companies. Firemen's issued a primary insurance policy with a $1 million policy limit, to a restaurant and bar, East Village Bar and Grill ("East Village"), located in Raleigh, North Carolina. Ohio Casualty underwrote an excess policy of insurance for East Village that provided $25 million in liability coverage to East Village in excess of the $1 million liability coverage provided by Firemen's.

1

In November 2003, a patron who had been drinking at East Village, among other establishments, crashed his van into an already existing multi-vehicular accident, killing six people, injuring others, and causing property damage. As a result of the accident, several parties filed suit against East Village asserting, among other claims, causes of action under a theory of "dram shot" liability (collectively, the "Veeder lawsuits").

Ohio Casualty accomplished a settlement of all claims on behalf of East Village for a total of $2.348 million and paid the entire amount of the settlement. Ohio Casualty now sues Firemen's asserting that it is entitled to damages for equitable subrogation, breach of contract, bad faith, and unfair trade practices because Firemen's did not contribute to the settlement.

Ohio Casualty filed the instant motion for protective order and motion to quash in September 2007. The motion requests the court to postpone the depositions of two witnesses, Ralph Goode and Judith Luebke, both employees of Ohio Casualty, that were scheduled to take place on October 11, 2007. Ohio Casualty filed this motion requesting that the depositions take place only after the court decides the extent of any waiver of the attorney client privilege that may have taken place in this case.

## DISCUSSION

A. <u>Attorney-Client Privilege is Not Waived</u>

In Firemen's' motion to disqualify, it asserted that Ohio Casualty waived the attorney-client privilege with regard to "how Mr. Strauch [the attorney for Ohio Casualty who negotiated the settlement of the Veeder lawsuits and is representing Ohio Casualty in the current suit against Firemen's] managed, participated in, evaluated, directed or controlled the underlying lawsuits." Firemen's Reply to Objection to Motion to Disqualify at 2. The

2

court denied, simultaneously with this order, Firemen's motion to disqualify [DE-15], however, it did not reach the issue of whether the attorney-client privilege has been waived in this case. The issue of attorney-client privilege must now be addressed to determine the scope of the depositions that will take place and discovery in general.

Firemen's argues that because Ohio Casualty is suing regarding Firemen's actions with regard to the Veeder lawsuits, Ohio Casualty has put the thoughts and evaluations of Ohio Casualty's lawyers directly at issue in this case. The court does not agree. The attorney-client privilege is an extremely important doctrine that is protected by law. See In re Allen, 106 F.3d 582, 600 (4th Cir. 1997) ("If a party demonstrates that attorney-client privilege applies, the privilege affords all communications between attorney and client absolute and complete protection from disclosure."). Clearly, an attorney-client relationship existed between Ohio Casualty and its lawyers during the Veeder lawsuits as Ohio Casualty sought legal advice from its lawyers regarding how to resolve the suits. See State v. McIntosh, 444 S.E.2d 438, 442 (N.C. 1994) (noting that an attorney-client relationship exists if communications were made to a lawyer in confidence while seeking legal advice).

There has been no evidence presented that Ohio Casualty expressly waived the attorney-client privilege. In addition, Ohio Casualty has not impliedly waived the attorney-client privilege because it has not put the legal counsel of its lawyers at issue by suing Firemen's. See Banc of America Secs., LLC v. Evergreen Int'l Aviation, Inc., No. 03-CV-9138, 2006 WL 401679, at *6 (discussing, generally, North Carolina law with regards to the attorney-client privilege). Instead, it has put at issue the actions of Firemen's lawyers in determining whether Firemen's acted in good faith with regard to the settlement of the Veeder lawsuits. See Twin City Fire Ins. Co. V. Burke, 63 P.3d 282, 287 (Ariz. 2003)

3

(noting in a case in which an excess carrier sued a primary carrier alleging bad faith for failing to settle an underlying action, that the excess carrier had not waived the attorney-client privilege).

However, the court also notes that Ohio Casualty cannot invoke a blanket privilege that extends beyond the scope of the attorney-client relationship. Firemen's may depose Ralph Goode and Judith Luebke, and any other witness to determine facts and discuss non-privileged communications. See Hickman v. Taylor, 329 U.S. 495, 500 (1947) (noting that the purpose of discovery is to allow "the parties to obtain the fullest possible knowledge of the issues and facts before trial" and asserting the importance of broad disclosure).

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Ohio Casualty's motion for protective order and to quash, with the understanding that the depositions at issue may be rescheduled. [DE-32].

This 13th day of February 2008.

DAVID W. DANIEL
United States Magistrate Judge