IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-149-D

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., | ) ) ) ) | |
| Defendant. | ) | |

This matter comes before the court on Firemen's Insurance Company of Washington, D.C.'s, ("Firemen's") motion to compel Plaintiff to amend its Rule 26(a)(1) initial disclosures. [DE-39]. Plaintiff Ohio Casualty Insurance Company ("Ohio Casualty") has responded. [DE-42]. The court held a hearing regarding various outstanding motions, including the current one, on January 23, 2008. After considering the oral arguments as well as the briefs, the court denies Firemen's motion to compel.

### STATEMENT OF THE CASE

Both Ohio Casualty and Firemen's are insurance companies. Firemen's issued a primary insurance policy with a $1 million policy limit, to a restaurant and bar, East Village Bar and Grill ("East Village"), located in Raleigh, North Carolina. Ohio Casualty underwrote an excess policy of insurance for East Village that provided $25 million in liability coverage to East Village in excess of the $1 million liability coverage provided by Firemen's.

In November 2003, a patron who had been drinking at East Village, among other

1

establishments, crashed his van into an already existing multi-vehicular accident, killing six people, injuring others, and causing property damage. As a result of the accident, several parties filed suit against East Village asserting, among other claims, causes of action under a theory of "dram shot" liability (collectively, the "Veeder lawsuits").

Ohio Casualty accomplished a settlement of all claims on behalf of East Village for a total of $2.348 million and paid the entire amount of the settlement. Ohio Casualty now sues Firemen's asserting that it is entitled to damages for equitable subrogation, breach of contract, bad faith, and unfair trade practices because Firemen's did not contribute to the settlement.

## DISCUSSION

Firemen's filed the instant motion to compel Ohio Casualty to supplement its initial disclosures by providing more information regarding individuals likely to have discoverable information, documents or other evidence that Ohio Casualty may use to support its claims or defenses, and a detailed computation of damages pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Firemen's argues that Ohio Casualty has provided extremely limited information as part of its initial disclosures.

Ohio Casualty asserts that it need not provide greater detail because it has alleged various claims against Firemen's that involve Firemen's good or bad faith in dealing with the Veeder lawsuits and it does not plan to call its own witnesses or use any of its own documents. Rule 26(a)(1) requires initial disclosures only when the "disclosing party may use [the information or evidence] to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)&(B). Because Ohio Casualty has asserted that it does not plan on using its own witnesses or documents to support its claims or defenses, the court will not require

2

more.

However, the court admonishes the parties to remember that the obligation of discovery is not to be taken lightly, and that it is the duty of the parties to provide all responsive unprivileged information to the opposing side. See Hickman v. Taylor, 329 U.S. 495, 500 (1947) (noting that the purpose of discovery is to allow "the parties to obtain the fullest possible knowledge of the issues and facts before trial" and asserting the importance of broad disclosure). Moreover, as more fully explained in the order addressing Firemen's' motion to compel answers and responses to its first set of interrogatories and requests for production [DE-45] filed contemporaneously with this one, the court does not agree with Ohio Casualty that Firemen's almost exclusively bears the burden of discovery in this case. Ohio Casualty has stated in its brief that it is aware of its obligation to amend or supplement its disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Although the court does not require Ohio Casualty to amend or supplement its disclosures at this time, it expects Ohio Casualty to do so in the event that the court's orders or other developments in the case make such amendment or supplement appropriate.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant Firemen's' motion to compel Plaintiff Ohio Casualty to amend its Rule 26(a)(1) initial disclosures. Nonetheless, Ohio Casualty has a duty to amend or supplement its initial disclosures if the need arises based on the court's orders or other developments in the case as required under Rule

26(e) of the Federal Rules of Civil Procedure.

This 13th day of February 2008.

_____
DAVID W. DANIEL
United States Magistrate Judge

4