IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-149-D

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., | ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the court on Plaintiff Ohio Casualty Insurance Company's ("Ohio Casualty") motion to compel. [DE-43]. Defendant Firemen's Insurance Company of Washington, D.C., ("Firemen's") has responded. [DE-47]. The court held a hearing regarding various outstanding motions, including the current one, on January 23, 2008. After considering the oral arguments as well as the briefs, the court denies in part, and grants in part, Ohio Casualty's motion to compel.

## STATEMENT OF THE CASE

Both Ohio Casualty and Firemen's are insurance companies. Firemen's issued a primary insurance policy with a $1 million policy limit, to a restaurant and bar, East Village Bar and Grill ("East Village"), located in Raleigh, North Carolina. Ohio Casualty underwrote an excess policy of insurance for East Village that provided $25 million in liability coverage to East Village in excess of the $1 million liability coverage provided by Firemen's.

In November 2003, a patron who had been drinking at East Village, among other

1

establishments, crashed his van into the middle of an already existing multi-vehicular accident, killing six people, injuring others, and causing property damage. As a result of the accident, several parties filed suit against East Village asserting, among other claims, causes of action under a theory of "dram shot" liability (collectively, the "Veeder lawsuits").

Ohio Casualty accomplished a settlement of all claims on behalf of East Village for a total of $2.348 million and paid the entire amount of the settlement. Ohio Casualty now sues Firemen's asserting that it is entitled to damages for equitable subrogation, breach of contract, bad faith, and unfair trade practices because Firemen's did not contribute to the settlement.

**DISCUSSION**

Firemen's filed the instant motion to compel to require the production of three types of discovery: (1) Firemen's' claims manual, (2) complete responses to Ohio Casualty's Requests for Admission Nos. 7 and 8, and (3) complete responses to Ohio Casualty's contention interrogatory asking why Firemen's did not fully admit each of the requests for admission. [DE-43]. The court will review each request in turn.

A.   Claims Manual

Ohio Casualty first requests production of Defendant's claims manual. North Carolina courts have concluded that a claims manual is discoverable and relevant in cases involving allegations of bad faith or unfair trade practices. See Evans v. United Servs. Automobile Ass'n, 541 S.E.2d 782, 792 (N.C. App. 2001) (noting that an insurance carrier's procedure manual was relevant to determine whether the carrier complied with its own procedures in denying an insurance claim); Vazquez v. Allstate Ins. Co., 529 S.E.2d 480, (2000) (affirming a judgment for unfair trade practices against an insurance carrier based,

2

in part, on the carrier's failure to follow its own standards). Because Plaintiff has alleged claims of bad faith and unfair trade practices, which involve reviewing a carrier's own procedures for claims investigations, the court concludes that the claims manual is discoverable and relevant to the current action. The court notes that Firemen's' counsel asserted that it did not rely on the claims manual in assessing the Veeder lawsuits because it was not in existence at the time, but rather was developed only in February 2007. Nonetheless, the court concludes that it may have some relevance in to the current action. In addition, at the hearing, Firemen's asserted that it would be willing to provide its claims manual to Ohio Casualty as long as the obligation was reciprocal and Ohio Casualty provided its claims manual to Firemen's. The court agrees that discovery of claims manuals should be reciprocal. Accordingly, Ohio Casualty's motion to compel with regard to discovery of the claims manual is GRANTED, on the condition that Ohio Casualty must also produce its claims manual to Firemen's.

B. Requests for Admissions Nos. 7 and 8

Next, Ohio Casualty requests that Firemen's provide a more detailed response to requests for admissions Nos. 7 and 8. Those two requests, and Firemen's' response are as follows:

> 7. Admit that the policy issued by Firemen's Insurance Company of Washington, D.C., provided coverage in the amount of $1 Million for the lawsuits filed by the victims of the November 1, 2003 accident.
>
> Response: Firemen's admits that it issued Policy No. CPA 0105717-10, the terms of which speak for themselves. Firemen's denies the remainder of Request No. 7.
>
> 8. Admit that Firemen's Insurance Company of Washington, D.C., owed a duty to indemnify East Village, up to $1 Million,

3

> for any amounts that East Village owed to the victims of the November 1, 2003 accident.
>
> Response: Firemen's admits that it issued Policy No. CPA 0105717-10 to the Dixie Trail Restaurant Group, d/b/a East Village Grill, the terms of which speak for themselves. Firemen's denies the remainder of Request No. 8.

Ohio Casualty asserts that Firemen's cannot merely refer to the applicable insurance policy, but must more fully answer these requests for admissions, including whether it believes that it had a coverage defense in the Veeder lawsuits and therefore had no duty to defend or insure East Village. Firemen's contends that it need not provide additional information because the answers to those requests is determined by the wording of the insurance policy. The court concludes that Firemen's is not required to provide greater detail than that already provided. Although the court understands that Ohio Casualty would like to know Firemen's position on its coverage obligations, Firemen's has admitted that it issued a policy to East Village for up to $1 million in liability coverage. Firemen's stated at the January 23, 2008 hearing, that to answer those two requests for admissions more fully would require it to write very detailed responses qualifying them. The court agrees that Firemen's, in these admissions, need not detail its position on the extent and breath of its coverage. It has either admitted or denied the requests at issue. Rule 36 of the Federal Rules of Civil Procedure requires no more. The court also notes that Firemen's position will be made more clear when it answers Ohio Casualty's complaint.

C.  Second Set of Interrogatories

Next, Ohio Casualty asserts that Firemen's failed to provide responsive answers to its second set of interrogatories, which request an explanation of Firemen's' failure to

4

Case 5:07-cv-00149-D   Document 61   Filed 02/13/08   Page 4 of 6

admit fully six of the nine requests for admission contained in Plaintiff's first requests for admission. The six Requests for Admission at issue are:

1. Admit that Larry Veeder drove a van into a crowd of people on November 1, 2003 while his blood alcohol content exceeded the legal limit prescribed by N.C. Gen. Stat. § 20-138.1.

2. Admit that Larry Veeder consumed multiple alcoholic beverages at the East Village Bar and Grill on November 1, 2003, before the accident in which he drove his van into a group of people, killing six people and injuring others.

3. Admit that Firemen's Insurance Company of Washington, D.C., issued an insurance policy which covered East Village for the lawsuits filed by the victims of the November 1, 2003 accident

4. Admit that the policy issued by Firemen's Insurance Company of Washington, D.C., provided coverage in the amount of $1 Million for the lawsuits filed by the victims of the November 1, 2003 accident.

5. Admit that Firemen's Insurance Company of Washington, D.C., owed a duty to indemnify East Village, up to $1 Million, for any amounts that East Village owed to the victims of the November 1, 2003 accident.

6. Admit that Firemen's Insurance Company of Washington D.C., never offered a single dollar to settle any of the lawsuits filed by any of the victims of the November 1, 2003 accident.

After Firemen's did not fully admit to these requests for admissions, Ohio Casualty filed a second request for admissions:

For each negative response to the foregoing Requests that denies the Request in whole or in part, state every fact on which you rely for denying the request in whole or in part.

Firemen's responded:

See Defendant Firemen's Answers and Responses to Plaintiff's First Interrogatories and Requests for Production.

In Firemen's Answers and Responses to Ohio Casualty's First Interrogatories and Requests for Production, it enumerated the facts to which it admitted and those that it denied.

Ohio Casualty would like the court to require Firemen's to list every fact that it relied on in failing to admit fully the request for admissions. This the court cannot do. The purpose of a request for admission is not to require a party to detail the entire factual background of the case or to provide all facts that weigh in a decision to admit or deny a request for admission. Instead, "[t]he purpose of requests for admissions, Fed. R. Civ. P. 36(a), is to expedite trial by establishing certain facts as true, thus narrowing the range of issues for trial." Branch Banking and Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 657 (E.D.N.C. 1988). Firemen's has fulfilled its obligation to respond to Ohio Casualty's second set of interrogatories and does not need to supplement its answers by stating every fact on which it relied in denying the requests for admissions. Accordingly, the motion to compel with regard to Ohio Casualty's second set of interrogatories is DENIED.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Ohio Casualty's request for Firemen's' claims manual on the condition that Ohio Casualty produce its claims manual to Firemen's. In addition the court **DENIES** Ohio Casualty's request for complete responses to requests for admission Nos. 7 and 8 and also **DENIES** Ohio Casualty's request for a recounting of every fact that Firemen's relied on in failing to admit fully the request for admissions.

This 13th day of February 2008.

DAVID W. DANIEL
United States Magistrate Judge

6

Case 5:07-cv-00149-D   Document 61   Filed 02/13/08   Page 6 of 6