IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-149-D

OHIO CASUALTY INSURANCE )
COMPANY, )
)
        Plaintiff, )
)
        v. )   **ORDER**
)
FIREMEN'S INSURANCE COMPANY )
OF WASHINGTON, D.C., )
)
        Defendant. )

Defendant Firemen's Insurance Company of Washington, D.C. ("Firemen's") moves to disqualify Jack M. Strauch ("Strauch") and Womble Carlyle Sandridge & Rice PLLC ("Womble Carlyle") as counsel for plaintiff Ohio Casualty Insurance Company ("Ohio Casualty"). [DE-15]. Ohio Casualty responded. [DE-27]. A hearing was held regarding various outstanding motions, including the current one, on January 23, 2008, in which the court denied Firemen's' motion to disqualify counsel for Ohio Casualty from the bench. This order memorializes that oral ruling.

### STATEMENT OF THE CASE

According to the amended complaint, on November 1, 2003, Larry Robert Veeder ("Veeder") consumed numerous alcoholic beverages at three establishments in the Raleigh area, including East Village Bar and Grill ("East Village"). See Am. Compl. ¶ 6. After his night of drinking, Veeder attempted to drive home and crashed his van into the middle of an existing multi-vehicular accident at the intersection of Nowell Road and Highway 54 in

1

Wake County. Id. ¶ 4. Veeder killed six people and injured several others. Id. His blood alcohol level, taken approximately two hours after the accident, was 0.18%, more than double the legal limit of 0.08% in North Carolina. Id. ¶ 5.

As a result of these events, various people filed seven lawsuits (collectively, the "Veeder lawsuits") against the establishments, including East Village, that served alcohol to Veeder that night. Id. ¶ 7. The Veeder lawsuits were based on a "dram shop" theory of liability. Id. At the time of the accident, both Ohio Casualty and Firemen's underwrote insurance policies covering East Village. Id. ¶¶ 8–10. Firemen's issued the primary insurance policy for East Village and provided $1 million in liability coverage. Id. ¶¶ 8–9. Ohio Casualty provided $25 million in excess liability coverage. Id. ¶ 10. In light of the existing claims, Ohio Casualty settled the Veeder lawsuits brought against East Village without Firemen's' consent for a total of $2.348 million. Id. ¶¶ 11–12. Firemen's refused to contribute to the settlement of the lawsuits. Id. ¶¶ 15–16.

In connection with the Veeder lawsuits, Ohio Casualty retained Strauch, an attorney at Womble Carlyle, to represent Ohio Casualty's interests as excess insurer of East Village. See Pl.'s Mem. in Opp'n to Mot. to Disqualify Counsel 3. Firemen's also obtained counsel to represent its interests as the primary insurer of East Village. Id. Strauch and counsel for Firemen's entered appearances on behalf of East Village in the Veeder lawsuits, participated in the defense of the litigation, and attended all depositions. Id. Both counsel had access to all factual information important to the Veeder lawsuits (i.e., police report, toxicology report, etc.). Id. at 3–4.

On April 25, 2007, Ohio Casualty filed a complaint against Firemen's and Berkley Mid-Atlantic Group. On June 21, 2007, Ohio Casualty dismissed its claims against former

2

defendant Berkley Mid-Atlantic Group and filed an amended complaint naming Firemen's alone. In its amended complaint, Ohio Casualty makes the following claims: (1) that it is entitled to recovery as the intended third party beneficiary of the insurance contract between East Village and its primary insurer Firemen's under breach of contract and negligence theories, id. ¶¶ 21–23; (2) that it is entitled to recovery under the doctrine of equitable subrogation on breach of contract and negligence theories, id. ¶¶ 17–20, 24–28; (3) that Firemen's breached its contract with the insured, id. ¶¶ 22–23; (4) that Firemen's acted negligently and in bad faith, id. ¶¶ 16–18, 24–26; and (5) that Firemen's violated N.C. Gen Stat. § 75-1.1 covering unfair and deceptive trade practices, id. ¶¶ 27–31. On July 16, 2007, Firemen's filed a motion to dismiss the amended complaint and a motion to disqualify counsel for Ohio Casualty.

**DISCUSSION**

Firemen's moves to disqualify Strauch on three grounds: (1) that Strauch is a necessary witness in the current action; (2) that Strauch's continued representation creates a current conflict of interest; and (3) that Strauch's representation of Ohio Casualty creates a conflict with a former client. See Def.'s Mem. in Supp. of Mot. to Disqualify Counsel 2–3. Firemen's essentially contends that Strauch gained valuable information about Firemen's' defense strategy in the Veeder lawsuits and that Strauch now should not be able to use this information to Ohio Casualty's benefit. Id. Additionally, Firemen's contends that Strauch's conflicts should be imputed to all attorneys at Womble Carlyle. Id. As explained below, Firemen's motion to disqualify counsel for Ohio Casualty is denied.

A. <u>Strauch is Not a Necessary Witness</u>

First, Firemen's argues that Strauch must be disqualified because the North

3

Carolina Rules of Professional Conduct forbid an attorney from acting as an advocate at a trial in which the attorney is likely to be a necessary witness. See id. at 3–7. Rule 3.7 states: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualfication of the lawyer would work substantial hardship on the client." N.C. R. Prof'l Conduct 3.7. Firemen's alleges that Strauch knew why Ohio Casualty settled the Veeder lawsuits, what Ohio Casualty's goals were in the settlement, and which attorneys assumed control of the lawsuits and when they did so. See Def.'s Mem. in Supp. of Mot. to Disqualify Counsel 6.

The premise behind Firemen's motion to disqualify counsel — namely, that Strauch is a necessary witness — is inaccurate. "A necessary witness is one whose evidence is material to issues in litigation, and which cannot be obtained elsewhere." Cunningham v. Sams, 588 S.E.2d 484, 487 (N.C. Ct. App. 2003). An attorney may be disqualified as a "necessary witness" if: (1) the attorney will give evidence material to the issues to be determined; (2) the evidence cannot be obtained elsewhere; and (3) the testimony is prejudicial or may be prejudicial to the testifying attorney's client. Metro. P'ship, Ltd. v. Harris, 2007 WL 2733707, at *2 (W.D.N.C. Sept. 17, 2007) (discussing N.C. R. of Prof'l Conduct 3.7). In this case, Strauch does not have any evidence that is not otherwise available. See Pl.'s Mem. in Opp'n to Mot. to Disqualify Counsel 3–4. Any matter of representation attended by Ohio Casualty's counsel and in which Firemen's' good faith is at issue was also necessarily attended by Firemen's' counsel. Id. Accordingly there are others, in addition to Strauch, who can testify regarding settlement of the Veeder lawsuits.

4

Moreover, Ohio Casualty has asserted that it does not plan to call Strauch as a witness, which distinguishes this case from others in which a lawyer who represents a party also plans to act as a witness in the case. See, e.g., Town of Mebane v. Iowa Mutual Insurance Company, 220 S.E.2d 623, 625 (N.C. Ct. App. 1975) (upholding the trial court's decision not to allow a lawyer to both represent a client and call himself as a witness to testify on behalf of his client). Whether Firemen's decides to call Strauch as a witness does not alter the analysis.

North Carolina courts have not addressed this issue. However, analyzing similar facts, where an excess insurer sued the primary insurer alleging bad faith in refusing to settle, the Supreme Court of Arizona stated:

> [The excess insurer's] good faith conduct is not the relevant legal issue. The question, rather, is whether [the primary insurer] acted in good faith. The subjective views and evaluations of [the excess insurer's] agents do not shed light on the question of [the primary insurer's] good faith. Confidential communications between [the excess insurer] and its counsel therefore do not tell us whether [the primary insurer] refused, in good faith, to settle the wrongful death claims within its policy limit. The issue in the present case is whether [the primary insurer] made a good faith evaluation and acted properly in rejecting the settlement offer.

Twin City Fire Ins. Co. v. Burke, 63 P.3d 282, 287 (Ariz. 2003) (en banc). This language applies to the current dispute. Finding no violation of Rule 3.7, it is unnecessary to determine the scope of Ohio Casualty's attorney-client privilege or whether Ohio Casualty waived its privilege by filing the amended complaint. The court addresses the issue of attorney-client privilege in an order regarding Ohio Casualty's motion for protective order and to quash subpoenas [DE-32], that is filed concurrently with this order.

B. No Current Conflict of Interest

Firemen's next argues that the entire firm of Womble Carlyle should be disqualified

5

because any Womble Carlyle lawyer who represents Ohio Casualty in the current action will be materially limited by personal interest, in violation of North Carolina Rule of Professional Conduct 1.7. See Def.'s Mem. in Supp. of Mot. to Disqualify Counsel 8–10. Rule 1.7 prohibits a lawyer from representing a client when "the representation of one client will be directly adverse to another client; or the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, a former client, or by a personal interest of the lawyer." N.C. R. Prof'l Conduct. 1.7(a). Rule 1.10 extends the reach of Rule 1.7 and prohibits lawyers associated in a firm from "knowingly represent[ing] a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7 . . . [and] 1.9." N.C. R. Prof'l Conduct 1.10(a).

Specifically, Firemen's contends that Womble Carlyle attorneys will be placed in the difficult position of evaluating Strauch's conduct as counsel for Ohio Casualty in the Veeder lawsuits, and to succeed in the current litigation, Ohio Casualty will have to prove that East Village pursued a defense strategy that was "reckless, immoral, unfair, mistaken, and wholly unreasonable." See Def.'s Mem. in Supp. of Mot. to Disqualify Counsel 10; Def.'s Reply 3. As discussed above, Strauch is not a necessary witness and therefore is not disqualified. Accordingly, Womble Carlyle's continued representation of Ohio Casualty does not violate Rule 1.7 or Rule 1.10.

C. No Conflict of Interest with Former Client

Finally, Firemen's contends that any representation by Womble Carlyle attorneys creates a concurrent conflict of interest in violation of North Carolina Rule of Professional Conduct 1.9. See Def.'s Mem. in Supp. of Mot. to Disqualify Counsel 10–11. Rule 1.9 forbids a lawyer who has formerly represented a client in a matter from representing

6

another person in "the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client gives informed consent, confirmed in writing." N.C. R. Prof'l Conduct. 1.9(a). Matters are "substantially related" if they involve the "same transaction or legal dispute or if there otherwise is a substantial risk that information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." Id. cmt. 3. Here, Strauch, and the law firm of Womble Carlyle, have only represented Ohio Casualty and its interest as excess insurer of East Village. Firemen's argues that Firemen's' and Ohio Casualty's interests were aligned during the Veeder lawsuits and that Ohio Casualty had access to information surrounding Firemen's' strategy for defending East Village. See Def.'s Mem. in Supp. of Mot. to Disqualify Counsel 10–11. The facts cannot be stretched to suggest that Strauch represented Firemen's, or even that the insurance companies' interests were aligned given their relationship as primary and excess insurer. Strauch, like counsel for Firemen's, represented his client's distinct, individual interest in relation to East Village in the Veeder lawsuits.

Firemen's relies on Flick Mortgage Investors, Inc. v. Epiphany Mortgage, Inc., 2006 WL 401675 (N.C. Super. Feb. 1, 2006), in support of the proposition that counsel should be disqualified if he had constructive access to the opposing party's files during previous litigation. Here, any information previously provided to Ohio Casualty by Firemen's necessarily would have been accompanied by a confidentiality waiver. See, e.g., Hulse v. Arrow Trucking Co., 587 S.E.2d 898, 901 (N.C. Ct. App. 2003). Firemen's does not allege that Ohio Casualty gained information regarding Firemen's' strategy without its permission. Accordingly, continued representation by Strauch or Womble Carlyle does not

7

violate Rule 1.9.

## CONCLUSION

In sum, the court **DENIES** Firemen's motion to disqualify counsel for Ohio Casualty. [DE-15].

This 13th day of February 2008.

DAVID W. DANIEL
United States Magistrate Judge